[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was heard as a court trial on April 27, 28, 1999. It is a foreclosure action brought by the Plaintiff concerning a mortgage from the Defendants, David and Sandra Orcutt, dated March 31, 1989, recorded on that date in volume 1302 at page 269 of the Manchester Land Records, which is a mortgage lien on said Defendants' residence at 95 Greenwood Drive, Manchester, Connecticut in the original principal amount of $25,000.00.
Said Defendants (hereafter the "Defendants") filed Special Defenses that: (1) the Plaintiff is guilty of unclean hands in that he induced the bankruptcy trustee of his voluntary petition (92-20064) to abandon the subject mortgage by misrepresenting the value of same; and (2) the subject mortgage should be an asset of Plaintiffs bankruptcy estate and that, therefore, he does not have a legal or equitable interest in said mortgage.
Following the two-day trial, this Court found, based upon the totality and a preponderance of the evidence, that the Plaintiff was and is guilty of unclean hands and, therefore, the Court sustained Defendants' first special defense. This finding was on the record. The Court then ordered briefs to be filed by the Plaintiff and the Defendants.
The Court further finds that there was no trust agreement, and the Plaintiffs title of trustee is nothing more than a sham, that the owners of said mortgage were and are the Plaintiff, George A. Thompson and Jack L. Rosenblit, the bankruptcy estate having been closed.
Plaintiff claims that even if George A. Thompson was guilty of unclean hands, Connecticut law provides that this doctrine:
 "only applies to the particular transaction under consideration, for the court will not go outside the case for the purpose of examining the conduct of the complainant in other matters or question his general character for fair dealing. The wrong must be done to the defendant himself and must be in regard to the matter in litigation." citing Lyman v. Lyman, 90 Conn. 399, 406 (1916) and LaFrance v.CT Page 6625 LaFrance, 122 Conn. 556, 559 (1937), as well as Orsi v. Orsi, 125 Conn. 66, 69 (1938).
The Court is not persuaded. The wrong (unclean hands) is in regard to the matter in litigation. The misrepresentation to the bankruptcy Trustee, John J. O'Neil, Jr.[1], was in regard to the subject mortgage which is the same mortgage subject of this litigation.
As for Mr. Rosenblit, he is found to have unclean hands in this matter since he was and is the active partner with George A. Thompson concerning this mortgage.
As for the claim that the wrong must be done to the Defendants themselves, the Court finds the following:
(1) The rule that the wrong must be done to the party against whom relief is sought is subject to an exception, which is that where the public interest is involved, the wrong does not have to be solely directed at the defendants. "[W]here a suit in equity concerns the public interest as well as the private interest of the litigants, this doctrine (clean hands) assumes even wider and more significant proportions. For if an equity court properly uses the maxim to withhold its assistance in such a case, it not only prevents a wrongdoer from enjoying the fruits of his transgression, but averts an injury to the public." SEContractors, Inc. v. U.S., 406 U.S. 1, 15 (1972). "That doctrine is rooted in the historical concept of court of equity as a vehicle for affirmatively enforcing the requirements of conscience and good faith. This presupposes a refusal on its part to be the "abettor of inequity"'. Precision Co. v. AutomotiveCo., 324 U.S. 805, 814 (1945).
(2) In this case the misrepresentation or fraud was perpetrated on the bankruptcy court trustee who was acting on behalf of the United States Bankruptcy Court in fulfilling a congressionally mandated duty of collecting property of the debtor's (Thompson's) estate. Thus, the public interest is involved. That property included the mortgage which the Plaintiff is seeking to foreclose. To grant the relief requested, the foreclosure of the mortgage, would reward the very misconduct which Congress has found to be abhorrent and against the public policy of the United States so much so that concealment of assets from a trustee or making false statements in bankruptcy cases are federal crimes. Connecticut law is in accord with this principle. CT Page 6626Pappas v. Pappas, 164 Conn. 242, 246 (1973). "The clean hands doctrine is applied not for the protection of the parties, but for the protection of the court . . . it is applied not by way of punishment, but on considerations that make for the advancement of right and justice. . . . Thus, where the granting of relief would amount to a condonation of perjury, the court should deny relief to protect its own integrity . . . Were we to grant him (the Plaintiff) the relief requested, we would be condoning an unpurged act of fraud upon the court." Id. @ 247.
Clearly, the focus is not on the Defendants, but rather on the Plaintiff who, as a condition to seeking relief and equity, must come to court with clean hands. In Pappas, supra, the court realized that the Defendants would be unjustly enriched if they were allowed to keep the property in question, just as in the case at bar the Defendants herein would be unjustly enriched. However, as in Pappas, supra, the doctrine of clean hands is focused on he who seeks relief in equity, in this case the Plaintiff. It is his wrong on this court as well as the United States District Court that prevents him from obtaining relief.
Accordingly, the court finds that the Plaintiff as well as George A. Thompson and Jack L. Rosenblit are not entitled to the equitable relief they seek. Therefore, judgment is hereby entered for the Defendants. The special defenses are sustained,[2] and the Plaintiff is ordered as follows:
(1) To immediately provide a valid release of the subject mortgage to the Defendants as well as the mortgage note under which they would otherwise be liable.
(2) To immediately provide the Defendants with a valid release of the lien in favor of Northeast Financial Services, which, according to the complaint, was dated October 8, 1987, and recorded October 13, 1987, in volume 1179 at page 93 of the Manchester Land Records, the Court hereby finding that from the evidence, the said lien was paid but not released.
The Defendants' counterclaim is denied. There is no evidence that defendants suffered an ascertained loss.
Rittenband, J.